RECEIVED
JUN 13 2007
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE McKENNA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――― x

BRIAN HOUSE

                Plaintiff,

   against

METRO-NORTH COMMUTER RAILROAD,

                Defendant.

―――――――――――――――――――――――――― x

CIVIL ACTION
Index No. 07 CIV 5623

**VERIFIED COMPLAINT**

      The plaintiff, Brian House, by and through his attorneys, Michael Zhu, Esquire P.C. and Barish ◆ Rosenthal, for his Verified Complaint against the defendant alleges:

      1.    Plaintiff, Brian House, is an adult individual residing at 128 Cranford Place, Teanech, New Jersey.

      2.    Defendant, Metro-North Commuter Railroad, its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the part, is a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce. At all relevant times, the defendant and/or defendant's predecessors in interest was regularly and systematically conducting its business activities within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation.

      3.    Defendant, its predecessors, subsidiaries, agents, servants and employees, at all times pertinent in the past maintained headquarters and principal places of business within the City of New York, and/or maintained sales offices within the City of New York and/or transacted business within the City of New York.

1

4.    At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant as a machinist in furtherance of the carrier's business of interstate commerce and transportation by railroad in the M42 basement Power Department in Grand Central Terminal, New York.

5.    This action is brought pursuant to the Federal Employees' Liability Act, 45 U.S.C. §§ 51 et seq. (1908).

6.    On or about February 17, 2006, while in the course of working as a machinist at Grand Central Terminal New York, plaintiff was assigned to remove floor covers/plates in a confined work space wearing a tight harness when he injured his back.

7.    As a result, plaintiff was caused to suffer personal injuries as set forth below.

8.    Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant, by and through its agents, servants, and/or employees and/or its ostensible agents, servants, and/or employees in the following respects which includes, but is not limited to:

(a)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to have floor plates and/or covers with handles to allow proper lifting;

(b)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job in a confined environment where no fixed cable exists on walls of substation to allow proper connection of plaintiff's harness restricting his movement;

(c)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and perform the duties of his employment by failing to provide adequate manpower to

lift said plate/floor cover when defendant knew or should have known that its failure to do so posed unreasonable risk of harm to plaintiff;

(d)    failing to remedy and/or correct the lack of fixed cable on wall as described above, when the defendant knew or should have known that said harm could exist;

(e)    failure to supervise plaintiff in that defendant failed to caution and/or prevent individuals from attempting to lift said plate/floor cover;

(f)    Requiring plaintiff to perform his duties on a wet flooded area which made lifting said plate/floor cover more difficult;

(g)    failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the condition of the M42 substation;

9.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his back, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

10.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

11.    As a direct and proximate result of the negligence, carelessness, recklessness

3

and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

12.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

13.     The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants, and employees and/or its ostensible agents, servants, and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, Brian House, demands judgment in his favor and against defendant, Metro-North Commuter Railroad, for compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

Dated: *June 12, 2007*                BY:  _____

Michael Zhu, Esquire  *(MHZ 7500)*
Attorney for Plaintiff
Michael Zhu, Esquire, P.C.
14 Wall Street, 22nd Floor
New York, New York 10005
(212)227-2245

Of Counsel:
Paul J. Riley, Esquire
BARISH ◆ROSENTHAL
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA  19102
(215) 923-8900

4

# V E R I F I C A T I O N

I, MICHAEL ZHU, Esquire, hereby states that I am the attorney for the Plaintiff herein and verifies that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties relating to unsworn falsification to authorities.

Date: 6/12/07

MICHAEL ZHU, ESQUIRE MHZ 7500

Index No.                    Year                    RJI No.                    Hon.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN HOUSE,

                                   Plaintiff,

          -against-

METRO-NORTH COMMUTER RAILROAD,

                                   Defendant.

---

## VERIFIED COMPLAINT

---

MICHAEL H. ZHU, ESQ.

*Attorneys for Plaintiff Brian House*

*Office and Post Office Address, Telephone*

14 WALL STREET, 22ND FLOOR
NEW YORK, N.Y. 10005
(212) 227-2245

---

To                                          Signature (Rule 130-1.1-a)

                                            .................................................
                                            Print name beneath

Attorney(s) for

---

Service of a copy of the within                          is hereby admitted.

Dated,                                      .................................................
                                            Attorney(s) for

---

Please take notice

∟ **NOTICE OF ENTRY**
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

∟ **NOTICE OF SETTLEMENT**
that an order                               of which the within is a true copy will be presented for
settlement to the HON.                      one of the judges
of the within named court, at
on                    at                    M

Dated,                                      Yours. etc.
                                            MICHAEL H. ZHU, ESQ.
                                            *Attorneys for plaintiff Brian House*
To                                          *Office and Post Office Address*
                                            14 WALL STREET, 22ND FLOOR
Attorney(s) for                             NEW YORK, N.Y. 10005